UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROMAINE L. NEVELS,<br><br>            Plaintiff,<br><br>   v.<br><br>DEBBIE ASCUNION, et al.,<br><br>            Defendants. | CASE NO. CV 17-6434-JVS (AS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Third Amended Complaint, all of the records herein, and the Report and Recommendation of a United States Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation to which the parties' Objections were directed, the Court finds that Defendants' and Plaintiff's respective Objections to the Report and Recommendation are without merit and do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

Defendants argue in their Objections that Plaintiff failed to exhaust administrative remedies as to any Defendant, including Avalos, because he never received a third-level decision on the merits of his appeal. (Defs.' Objections at 1-4). As Defendants acknowledge, this argument directly contradicts their own Motion for Summary Judgment ("Motion"), in which they asserted, multiple times, that Plaintiff exhausted his remedies as to Defendant Avalos, even though the third-level decision merely affirmed the prior appeal's cancellation for untimeliness. (Motion at 3, 8) (citing Defs.' SUF ¶ 16). According to Defendants, these clear statements in their own Motion were based on a mistake of law, which they now wish to correct. (Defs.' Objections at 3-4). They contend that Plaintiff's claims are in fact unexhausted because a third-level decision affirming the cancellation of an inmate's prior appeal does not satisfy the administrative exhaustion requirements. (Defs.' Objections at 2). Defendants present this new argument based on facts that were already in the record.

The Court has discretion to consider arguments raised for the first time in a party's objections.[1] See Brown v. Roe, 279 F.3d

---

[1] Defendants contend, incorrectly, that the Court is required to consider their argument because their Motion raised the issue of exhaustion on other grounds, and the underlying facts were already in the record. (Defs.' Objections at 4). On this point, they rely on cases from the Fourth Circuit, despite that the Fourth and Ninth Circuits differ on this issue. See Brown v. Roe, 279 F.3d 742, 745-46 ("[W]e do not go as far as the Fourth Circuit, which has held that a district court *must* consider new arguments raised for the first time in an objection to a magistrate judge's findings and recommendation.") (citation omitted). In the Ninth Circuit, the matter is clearly within the Court's discretion. Id. at 744-46.

742, 744 (2002); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). Defendants do not merit such consideration here, particularly as they have no excuse for failing to assert the argument before. Indeed, because Defendants' Motion expressly conceded that the third-level decision exhausted Plaintiff's remedies against Avalos, they arguably waived this issue. See Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005) (PLRA's exhaustion requirement is waived if not raised by defendant); cf. Ross v. Davis, 2019 WL 5459604, at *4 (C.D. Cal. Sept. 16, 2019) (in habeas action, government's "express waiver was not rendered invalid by the possibility that its position on exhaustion was incorrect"), report and recommendation adopted, 2019 WL 5455715 (C.D. Cal. Oct. 24, 2019) (citing Eichwedel v. Chandler, 696 F.3d 660, 671 (7th Cir. 2012)).

Moreover, even if the Court considered Defendants' new argument and agreed that the third-level decision on Plaintiff's appeal did not qualify for exhaustion under applicable regulations, dismissal still would not be warranted. To support their claim that Plaintiff's appeal did not suffice, Defendants cite Gil v. Spaulding, 2017 WL 6594637 (E.D. Cal. Dec. 26, 2017), in which the district court dismissed an inmate's civil rights claims for lack of exhaustion because the inmate's administrative third-level appeal had been cancelled as untimely, and he failed to demonstrate that the cancellation was improper. Gil, 2017 WL 6594637, at *5-8. The plaintiff in Gil argued that he had been unable to timely submit the appeal because his second-level response arrived after the appeal deadline. The court rejected this argument in part

3

because the defendants provided declarations from appeals examiners which described the procedures used to ensure timely processing and delivery of appeal responses, and averred that there was no record of delay in the inmate's case. The court also noted that in contrast to other district court cases – specifically, Thorns v. Ryan, 2008 WL 544398 (S.D. Cal. Feb. 26, 2008), and Sanchez v. Penner, 2008 WL 544591 (E.D. Cal. Feb. 26, 2008) – the plaintiff in Gil had not been transferred when the second-level response was issued, and he had not inquired into the status the response or noted its delay in his belated third-level appeal. Gil, 2017 WL 6594637, at *6-7; see Thorns, 2008 WL 544398, at *3-4 (dismissal for lack of exhaustion due to cancelled third-level appeal was not warranted where plaintiff asserted that he had received the second-level decision late, and he offered supporting evidence showing that he had been transferred to another facility after the decision was purportedly issued, had made several unsuccessful attempts to obtain a copy of the decision, and had explained within his late third-level appeal that he had only recently received the second-level decision); Sanchez, 2008 WL 544591, at *6 (defendant failed to rebut prisoner's evidence that his appeal was late due to his transfer to a different prison).

Here, as in Gil, Plaintiff has argued that he was unable to timely submit his third-level appeal because his second-level response was delivered to him after the appeal deadline. Defendants have neglected even to address this argument. Moreover, unlike in Gil, Plaintiff has provided evidence, in the form of his deposition testimony and signed statements, attesting that he was

1 transferred multiple times while awaiting the second-level
2 response, and that he submitted several inquiries regarding the
3 status of the response. (See Opposition to Motion at 4-10; Dkt.
4 No. 119 at 2-4; Pl.'s Depo. at 101-02). Administrative documents
5 in the record also reflect that Plaintiff raised this issue in his
6 late third-level appeal and in his subsequent appeal of the
7 cancellation. (See Jung Decl. ¶ 6, Exh. B at 9, 55-57, 68).

9     Defendants have offered nothing to rebut Plaintiff's evidence
10 here. Accordingly, even if Defendants had not waived this issue,
11 their argument would fail. As in Sanchez and Thorns, Plaintiff
12 has satisfied his burden under the applicable standard to show that
13 further administrative remedies were rendered effectively
14 unavailable. See Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir.
15 2010) (exhaustion is not required "when circumstances render
16 administrative remedies effectively unavailable") (citation
17 omitted); Thorns, 2008 WL 544398, at *3-4 (denying motion to
18 dismiss); Sanchez, 2008 WL 544591, at *6 (denying motion for
19 summary judgment); see also Gil, 2017 WL 6594637, at *7-8
20 (distinguishing Thorns and Sanchez and granting summary judgment
21 for lack of exhaustion).

23     Defendants' other arguments were addressed in the Report and
24 Recommendation and merit little discussion here. Defendants
25 dispute the Magistrate Judge's conclusion that Plaintiff's appeals
26 regarding the incident with Defendant Avalos also sufficed to
27 exhaust administrative remedies for his excessive-force claim

against Defendant Barbato.[2] (Defs.' Objections at 5-10). Although the appeals did not mention that Plaintiff was struck by any officer other than Avalos, the appeals did allege that Officers Barbato and Im maliciously wielded their batons against the inmates in the incident. (Jung Decl. ¶ 6, Exh. B at 10-11). Plaintiff's appeal to the third level also referenced the officers' incident reports, in which Barbato and others attested that Barbato himself struck Plaintiff with his baton (albeit just once in the knee) while Avalos and Im were striking the other two inmates with whom Plaintiff had been struggling. (Id. at 11, 21-36). Based on these facts, regarding a fast-moving incident in which multiple officers were using force against several inmates in a struggle, Plaintiff's appeals gave prison officials at least "enough information" to allow them to investigate the matter and "take appropriate responsive measures" regarding Defendant Barbato's involvement. See Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009); see also Washington v. Guerra, 2017 WL 1197861, at *5 (C.D. Cal. Jan. 31, 2017) (prisoner exhausted remedies with respect to claims against defendants, including some officers not named in administrative appeals, because the appeals alleged excessive force on particular date and referenced incident reports that identified the defendant officers' involvement, so that "prison officials plainly knew" defendants were involved in the alleged excessive-force incident), report and recommendation adopted, 2017 WL 1197667

---

[2] The Magistrate Judge determined that Plaintiff exhausted available remedies regarding all three Defendants, but the claim against Defendant Im need not be addressed because it fails on the merits, for the reasons stated in the Report and Recommendation.

1  (C.D. Cal. Mar. 29, 2017) (citing Reyes v. Smith, 810 F.3d 654,
2  659 (9th Cir. 2016)).

4     Defendants have therefore failed to demonstrate any basis for
5  dismissal on exhaustion grounds. As for the merits, Defendants
6  contend that evidence of the officers' malicious intent is
7  "equivocal" and "contradictory." (Defs.' Objections at 11-14).
8  However, construed under the proper standard, Plaintiff's
9  statements consistently attest that Avalos and Barbato continued
10 striking him multiple times even after he was subdued, creating a
11 genuine dispute of material fact as to whether Defendants used
12 excessive force in violation of Plaintiff's Eighth Amendment
13 rights. (See Pl.'s Opposition to Motion at 6, 27; Third Amended
14 Complaint at 4; Pl.'s Depo. at 53-54).

16    Plaintiff's Objections similarly fail to identify any basis
17 to depart from the Magistrate Judge's recommendations. Although
18 he opposes the dismissal of his claim against Defendant Im, he
19 remains unable to point to any plausible facts showing that Im had
20 a realistic opportunity to intervene and protect Plaintiff from
21 any alleged excessive force during the incident. (Pl.'s Objections
22 at 6-9). Otherwise, Plaintiff apparently disputes the
23 recommendation to deny as moot the filing construed as Plaintiff's
24 Motion to Amend his Third Amended Complaint. (Pl.'s Objections at
25 3-4). Plaintiff contends that he "mislabeled" the document, and
26 had intended merely to give notice of the exhibits attached to it.
27 (Id.). Regardless, these exhibits were already part of the record,
28 and do not affect the Court's analysis of the issues presented in

Defendants' Motion. Plaintiff's remaining objections do not merit further discussion.[3]

**IT IS ORDERED** that (1) Defendants' Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART, as follows: (a) the Motion is GRANTED to the extent that Plaintiff's claims against Defendant Im are DISMISSED with prejudice; (b) the Motion is otherwise DENIED; and (3) the filing construed as Plaintiff's Motion to Amend the Third Amended Complaint (Dkt. No. 122) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order on Plaintiff and counsel for Defendants.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 19, 2021

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

[3] Along with his Objections, Plaintiff filed a Motion for Appointment of Counsel. (Dkt. No. 133). The Court has previously denied several motions to appoint counsel for Plaintiff in this case (see Dkt. Nos. 12, 44, 50, 83), but a separate order will issue to address whether this relief is now warranted going forward. The Court observes, however, that Plaintiff appears to have handled the issues in the case adequately thus far without counsel, and all filings have been construed in light of Plaintiff's status as a pro se inmate.

8